**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elsa ROQUEZ DE QUEVEDO,**
**Defendant–Appellant.**

**No. 14–10085.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed Feb. 24, 2015.

Susan B. Gray, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Varell Laphalle Fuller, Federal Public Defenders Office, San Jose, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Elsa Roquez de Quevedo appeals from the district court's judgment and challenges the 30–month sentence imposed following her guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Roquez de Quevedo contends that the district court's characterization of her prior drug offenses as involving "sophisticated" conduct was erroneous and resulted in a substantively unreasonable sentence. The district court did not abuse its discretion in imposing Roquez de Quevedo's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The record supports the district court's characterization of Roquez de Quevedo's conduct. The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Roquez de Quevedo's criminal history and prior deportations. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.